UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

STEVEN PITTS,

Petitioner,

v.

LOU STENDER, Warden,

Respondent.

Civil No. 00-620 (RHK/ESS)

**ORDER DIRECTING RESPONDENT TO SHOW CAUSE WHY WRIT SHOULD NOT BE GRANTED**

Petitioner, a prisoner of the State of Minnesota incarcerated at the Minnesota Correctional Facility in Moose Lake, Minnesota, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, claiming that he being is confined in violation of his rights under the U.S. Constitution.

Respondent is directed to make a return in writing within 20 days from the date of this order, certifying the true cause of Petitioner's confinement and showing cause why the writ should not be granted.

The return shall be filed with the Court and shall include:

1. Such affidavits and exhibits as are needed to establish the lawfulness of Petitioner's confinement;

2. A reasoned memorandum of law and fact explaining why Respondent believes the writ should not be granted, and setting forth Respondent's recommendation as to whether an evidentiary hearing should be conducted in this matter;

3. A certified copy of such of the following as may be material to the issues raised by the petition: the Indictment, the plea, the judgment, the trial record, or, if the petitioner

FILED MAR 15 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

pleaded guilty, a transcript of the proceedings at which he pleaded guilty, as well as any other written materials that may be germane to the issues presented in the petition.

Respondent's return should specifically address the issue of whether all of Petitioner's current claims for relief -- including his claim that he is "innocent of this crime" -- have been fairly presented to, and decided on the merits by, the highest available state court, and if not, whether there are any state court remedies still available for any such claims that have not been so presented and decided.[1]

Petitioner has also filed an "Application To Proceed Without Prepayment Of Fees And Affidavit," (Docket No. 2), by which he seeks leave to proceed in forma pauperis ("IFP"). Although Petitioner has not clearly demonstrated that he is unable to pay the $5.00 filing fee for his habeas corpus petition, (see 28 U.S.C. § 1914(a)), the Court will nevertheless accept his claim of indigence. The IFP application will therefore be GRANTED.

Based on the foregoing, and all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED that:

1. Respondent shall file a written return to Petitioner's application for a writ of habeas corpus, consistent with the terms of this order, within 20 days from the date of this order; and

---

[1] At "ground two" of his petition, Petitioner states "I am innocent of this crime." Although Petitioner has provided no explanation for this claim, (nor any factual allegations to support it), he appears to be contending that there was insufficient evidence to support his convictions. However, as far as the Court can discern, Petitioner did not raise an insufficiency of the evidence claim in his state court appeals. If that is so, then the second ground for relief listed in the petition would appear to be either non-exhausted or procedurally defaulted -- depending on whether it could still be raised in the state courts.

2. Petitioner's "Application to Proceed Without Prepayment of Fees and Affidavit," (Docket No. 2), is GRANTED.

Dated: March 15, 2000

E.S. SWEARINGEN,
United States Magistrate Judge