**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

STEVEN PITTS,

Petitioner,

v.

LOU STENDER,
Warden,

Respondent.

Civil No. 00-620 (RHK/ESS)

**REPORT AND RECOMMENDATION**

---

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner Steven Pitts's pro se application for habeas corpus relief under 28 U.S.C. § 2254 [Docket No. 1]. Respondent Lou Stender has filed an answer contending that the petition should be denied on the ground that the issues raised therein do not justify federal relief [Docket No.7]. These proceedings have been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons stated below, it is recommended that the petition for writ of habeas corpus be denied with prejudice.

## I. BACKGROUND

On September 3, 1998, a Hennepin County District Court jury found Petitioner guilty of two counts of first degree criminal sexual conduct for the sexual assault of his fourteen year old stepdaughter on March 25, 1998. Resp't Mem. [Docket No. 7] at 1. Following his conviction, Petitioner was sentenced to 172 months in prison and is currently serving his sentence at the Minnesota Correctional Facility ("MCF"), Moose Lake. Pet. [Docket No. 1] at 1.

On April 29, 1998, several weeks after the charges were filed in this case, Petitioner made

FILED FEB 0 9 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

a demand for a speedy trial pursuant to Minn. R. Crim. P. 11.10.[1] Resp't Mem. at 1. Respondent repeated his demand for a speedy trial at two court hearings on the state's motion for a continuance of the trial date. See State v. Pitts, 1999 WL 1057237 *3 (Minn. App.) (unpublished decision). The state had requested a continuance in order to obtain the results from DNA testing performed by the Minnesota Bureau of Criminal Apprehension ("BCA"). Id. at 1. On July 1, 1998, the district court denied the state's motion and set the case on standby for trial on July 16, 1998. Id. However, on July 16 the state argued its motion before a second district court judge, who granted the request for a continuance. Id. at 2. Petitioner's trial began on August 24, 1998, which was 119 days after his initial demand for a speedy trial. Id.

Petitioner appealed his conviction to the Minnesota Court of Appeals, claiming that his right to a speedy trial was denied when the second district court judge granted the state's motion for a continuance of the trial date "in the absence of extraordinary circumstances." Pet. at 3. The Court of Appeals affirmed Petitioner's conviction. Id. Petitioner then appealed to the Minnesota Supreme Court, citing the same issue he had raised in his initial appeal, but on January 18, 2000, that court denied review. Id. Petitioner then filed this application for habeas relief on March 13, 2000. Id. at 1. Petitioner contends that he was denied his right to a speedy trial and that he is innocent. Id. at 5.

## II. DISCUSSION

### A. Speedy Trial

[1] This rule provides in part that: "A defendant shall be tried as soon as possible after entry of a plea other than guilty. On demand made in writing or orally on the record by the prosecuting attorney or the defendant, the trial shall be commenced within sixty (60) days from the date of the demand unless good cause is shown upon the prosecuting attorney's or the defendant's motion or upon the court's initiative why the defendant should not be brought to trial within that period." 49 M.S.A., Minn. R. Crim. P. 11.10.

Petitioner essentially contends that the state had to make a showing of "extraordinary circumstances" to the second district court judge in order to be entitled to a continuance.[2] The granting of the continuance in the absence of such a showing violated the state's speedy trial law. Thus, Petitioner's trial did not begin until August 24, 1998, or 119 days after his first demand for a speedy trial set in motion a 60 day time limit for his trial to begin. As noted, this was the same argument Petitioner presented throughout his state court appeals. However, this argument is not relevant to his habeas claim.

It is well established that errors of state law do not provide a basis for federal habeas corpus relief. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); Stewart v. Nix, 972 F.2d 967, 970 (8th Cir. 1992). In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. Estelle, 502 U.S. at 68. Therefore, the violation by state officials of a state speedy trial law, taken alone, does not present a federal claim reviewable on a habeas petition. Poe v. Caspari, 39 F.3d 204, 207 (8thCir. 1994); see also Stewart, 972 F.2d at 970 (a state speedy trial statute has no bearing on whether a federal right has been violated).

A habeas petition alleging a violation of the Sixth Amendment right to a speedy trial is properly reviewed under the standard announced by the Supreme Court in Barker v. Wingo, 407 U.S. 514 (1972). In Barker the Court identified the following factors for determining whether a defendant was denied a speedy trial: length of delay, reason for delay, assertion of the right to a

---

[2] Petitioner also requests an evidentiary hearing to review and establish standards when a state court judge may reconsider a ruling made by another district court judge. See Pet.'s Obj. [Docket No. 9] at 2. For reasons apparent in the body of this decision, Petitioner's request for a hearing is denied.

speedy trial, and prejudice to the defendant. 407 U.S. at 530. While none of these factors, taken alone, is either a necessary or sufficient condition for finding a Sixth Amendment violation, the length of delay serves as a triggering mechanism. Id. at 530-33. That is, absent some delay that is "presumptively prejudicial" under the circumstances of the case, a court need not inquire into the other three factors. Id. at 530-31; Robinson v. Leapley, 26 F.3d 826, 832 (8th Cir. 1994). After reviewing the circumstances of this case, the Court finds that the 119 day delay in bringing Petitioner to trial was not "presumptively prejudicial" and, therefore, was not a violation of Petitioner's rights under the Sixth Amendment.

In reviewing Petitioner's appeal, the Minnesota Court of Appeals found that under Minnesota law, the violation of the 60 day period set forth in Minn. R. Crim. P. 11.10 raised a presumption of prejudice. Pitts, 199 WL 1057237, *3. However, the Eighth Circuit has repeatedly held that delays of similar or greater lengths of time were not presumptively prejudicial. See e.g. Robinson, 26 F.3d at 832 (delay of seven months); Stewart, 972 F.2d at 970 (95 day delay); Jenkins v. Purkett, 963 F.2d 1117, 1118 (8th Cir. 1992) (six month delay). In Robinson the petitioner had been granted state habeas relief vacating his convictions for escape and aggravated assault. 26 F.3d at 831. The state retried the petitioner seven months after his convictions were vacated in violation of a state law requiring a criminal case to be disposed of within 180 days. Id. Following his conviction on these charges, petitioner sought federal habeas relief on the grounds that his Sixth Amendment right to a speedy trial had been violated. The Eighth Circuit noted that there was no indication that the state had attempted to delay the retrial in bad faith or with the intent of hampering the defense, and the court found that the delay was not presumptively prejudicial. Id. at 832.

While the facts of this case are obviously different from those in Robinson, in both cases

there is no evidence that the state sought a delay of the trial in bad faith or with the intent of hampering the defense. The record in this case is clear that the state sought a continuance in order to obtain the results from DNA testing. While the test results indicated Petitioner's guilt, those results could have been exculpatory. In addition, both Robinson and Jenkins held that delays of greater length were not presumptively prejudicial. Since the length of delay in this case was not presumptively prejudicial, the Court need not inquire into the other Barker factors. However, the Court notes that Petitioner has not made a showing that he suffered actual prejudice as a result of the 119 day delay. See Jenkins, 963 F.2d at 1118 (relief under the Sixth Amendment precluded by failure to show actual prejudice from six month delay that was not presumptively prejudicial). Thus, there was no violation of Petitioner's Sixth Amendment right to a speedy trial.

B. Claim of Innocence

Petitioner also seeks relief on the ground that he is "innocent of this crime." Pet. at 5. Petitioner has not offered any factual support for this claim. As the Court noted in its Order To Show Cause, [Docket No. 3] at 2, Petitioner appears to be contending that there was insufficient evidence to support his convictions. However, Petitioner did not raise this issue in his direct appeals.

A federal court may not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 119 S.Ct. 1728, 1731 (1999); Rose v. Lundy, 455 U.S. 509 (1982). This exhaustion of state remedies requirement is based on the principles of comity and federalism, and its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by state prisoners. O'Sullivan, 119 S.Ct. at 1731;

Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Rose, 455 U.S. at 518-19; Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988). To exhaust his state court remedies, a prisoner must fairly present all of his constitutional claims to the state courts before seeking relief in federal court. Duncan, supra; McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) ("before we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court").

Because federal courts will not entertain unexhausted habeas corpus claims, petitions that include such claims are subject to dismissal without prejudice so the petitioner may return to state court to exhaust the claims. Rose, 455 U.S. at 510. To avoid dismissal, the petitioner may also be allowed to amend the petition so that it only includes exhausted claims. Id. at 520. However, if state procedural rules prevent a petitioner from exhausting a claim, then the petitioner is also procedurally barred from obtaining habeas relief in a federal court, "unless he can demonstrate either cause and actual prejudice, or that a miscarriage of justice will occur if [the federal court does] not review the merits of the petition." McCall, 114 F.3d at 757. The "miscarriage of justice" exception applies only "when a constitutional violation has probably resulted in the conviction of one who is actually innocent." Poe, 39 F.3d at 208 (internal citations and quotation marks omitted).

A claim that a prisoner was convicted on insufficient evidence is cognizable on federal habeas corpus grounds as a denial of due process. Jackson v. Virginia, 443 U.S. 307, 314 (1979). The record is clear that Petitioner did not fairly present a due process claim in his direct appeals. See Poe, 39 F.3d at 208 ("In order for a claim to have been fairly presented to a state court for procedural purposes in a habeas proceeding, the same facts and legal theories in support of the claim must be advanced in both state and federal court.") (internal citations omitted). The

question then arises whether Minnesota state law would prevent Petitioner from raising this claim in state court. Minnesota law provides that "once the petitioner has directly appealed his sentence all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." McCall, 114 F.3d at 757, quoting State v. Knaffla, 243 N.W.2d 737, 741 (1976) and Roby v. state, 531 N.W.2d 482, 484 (Minn. 1995). As nothing in the record indicates that Petitioner's claim of innocence or insufficient evidence was unknown, or so novel that a legal basis was unknown, at the time of direct appeal, Petitioner has procedurally defaulted on the this claim because he failed to pursue the claim on direct appeal. See McCall, 114 F.3d at 757-58.

Petitioner's default would be excused if he were able to show cause for the default and actual prejudice. Petitioner, however, has offered no explanation for his failure to raise this claim on direct appeal. Thus, the Court need not examine whether he was prejudiced. See Bowman v. Gammon, 85 F.3d 1339, 1346 (8th Cir. 1996). The Court would be required to consider the merits of this claim if Petitioner can show that he is probably actually innocent. Id. A petitioner who raises a claim of actual innocence must satisfy a two part test: 1) the allegations of a constitutional violation must be supported by new reliable evidence not presented at trial; and 2) the petitioner must establish that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence. Id. (citations omitted). As noted above, Petitioner has provide no factual support for his allegation that he is innocent. He has not established that a "reasonable juror would have convicted him." Therefore, his claim should be dismissed.

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, [Docket No. 1], be **DISMISSED**.

DATED: February 9, 2001

E.S. SWEARINGEN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.