UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

STEVEN PITTS,

Petitioner,

v.

LOU STENDER, Warden,

Respondent.

Civil No. 00-620 (RHK/ESS)

MEMORANDUM AND ORDER

## INTRODUCTION

Petitioner commenced this action by filing a habeas corpus petition challenging his 1998 state court conviction for criminal sexual conduct. He raised two grounds for relief in his petition: (1) that he had been deprived of his constitutional right to a speedy trial, and (2) that he is "innocent of this crime," (which was construed to be an insufficiency of the evidence claim). The matter was assigned to Magistrate Judge E.S. Swearingen, who found that the first claim was without merit, and that the second claim had been procedurally defaulted. It was therefore recommended that the petition be dismissed. (Report and Recommendation ["R&R"] dated February 9, 2001; [Docket No. 11].) Petitioner filed objections to the R&R, (Docket No. 12), which prompted this Court to conduct a de novo review of the case. By order dated March 9, 2001, (Docket No. 13), the Court overruled Petitioner's objections, adopted the R&R, and held that the action should be dismissed with prejudice.

On March 26, 2001, Petitioner filed a notice of appeal. (Docket No. 15.) He also filed an "Application For Certificate of Appealability," (Docket No. 16), which is now before the Court.

FILED APR 04 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

## DISCUSSION

A state prisoner is not permitted to appeal a final order in a habeas corpus proceeding without first securing a Certificate of Appealability, ("COA"). 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). Federal district courts cannot grant a COA unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (emphasis added); see also, Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

A COA will not necessarily be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue. Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate"). Instead, the prisoner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir.), cert. denied, 513 U.S. 946 (1994), citing Lozado v. Deeds, 498 U.S. 430, 432 (1991) (per curiam); Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 119 S.Ct. 89 (1998). When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal." Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). See also Slack v. McDaniel, 120 S.Ct. 1595, 1604 (2000) (granting a COA signifies that the issues raised "'deserve encouragement to proceed further'"), quoting Barefoot v. Estelle, 463 U.S. 880, 893, n. 4 (1983).

In this case, Petitioner is asking for a COA that would allow him to present two claims to the Eighth Circuit Court of Appeals. The first claim that he seeks to raise is the same speedy trial claim

that he raised in his state court appeals and in his federal habeas corpus petition. The second claim, repeated in its entirety, is as follows: "Prosecutorial Judge 'shopping,' when original Judge ruled against Prosecution, they got another Judge to rule differently." As far as the Court can tell, Petitioner's second claim is entirely new; it certainly was not raised or considered in the habeas corpus petition presented to this Court.

Petitioner's speedy trial claim was properly rejected for the reasons set forth in the Magistrate Judge's Report and Recommendation. The Court finds nothing genuinely debatable about the resolution of that claim, nor does the Court find any reason to believe that any other court – including the Eighth Circuit Court of Appeals – could decide that claim any differently than it was decided here. Petitioner is not entitled to a COA on his new "judge shopping" claim, because (1) it was not raised in his habeas corpus petition,[1] and (2) he has offered no facts or law to substantiate the claim. Thus, the Court concludes that Petitioner has not made "a substantial showing of the denial of a constitutional right," and that he is not entitled to a COA in this matter.

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

Petitioner's Application For Certificate of Appealability, (Docket No. 16), is DENIED.

Dated: April 4, 2001

RICHARD H. KYLE
United States District Court Judge

---

[1] See Thomas v. Bowersox, 208 F.3d 699, 701 (8th Cir.) (claim not raised until appeal has been forfeited), cert. denied, 121 S.Ct. 402 (2000).